IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 FEB -5 PM 3: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VICTOR KENNEDY, ) | |
| ) Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| MORRIS THIGPEN, Commissioner ) | 91-C-0106-S |
| of the Alabama Department of ) | |
| Corrections, ) | |
| ) | |
| Respondent. ) | |

ENTERED
FEB 6 1997

## MEMORANDUM OF OPINION

The Court of Appeals has remanded this case for consideration of petitioner Kennedy's fourteenth claim; namely, that the admission into evidence at trial of his confessions to police officers and a probation officer violated his rights under the fifth, sixth, eighth, and fourteenth Amendments to the United States Constitution.

Kennedy claims in his habeas petition that his statements were not voluntary because of his mental handicap, his lack of counsel, the failure to inform him of the capital consequences of any statement he might make, the failure of the Probation Officer to advise him of his *Miranda* rights, and his interrogation over a five-day period without counsel.

I

In its April 1, 1994, Memorandum Opinion, this Court found as follows:

> At trial, three statements given by Kennedy to law enforcement officers were received in evidence. In the first statement, Kennedy denied that he entered the Orr home with Grayson. He said that he was "stooping down watching" while Grayson went inside.
>
> In his second and third statements, Kennedy admitted that he entered the house with Grayson with the intent to burglarize. He admitted that the gun was his; but he said that he gave it to Grayson before the shots were fired, and that he retrieved it only after he heard shots in Mrs. Orr's bedroom. He denied raping or beating Mrs. Orr. He admitted searching throughout the house for money or valuables. He said that he constantly urged Grayson to leave. He maintained that he only entered Mrs. Orr's bedroom after Grayson told him that he had lost the gun.

Memorandum Opinion, p. 4. See also, *Kennedy v. State*, 472 So.2d 1092, 1097 (Ala. Cr.App. 1984). The Court also noted the report of Kennedy's probation officer. This report was received in evidence at the sentencing phase of the trial, but not received at the guilt phase. In the report, Kennedy's "full and complete" inculpatory statement (except as to the rape of Mrs. Orr) is disclosed.

II

Kennedy filed a pretrial motion to suppress his confessions.

The motion did not assert that the confessions were involuntary because of Kennedy's mental state, the failure of law enforcement officers to inform him of the capital consequences of his statement he might make, and the failure of the Probation Officer to advise him of his constitutional rights.

The motion included a claim that Kennedy's lack of counsel during interrogation rendered the confessions involuntary. The trial court found that Kennedy had waived his right to counsel at the time each of the confessions was given to police officers.

On direct appeal, Kennedy listed the denial of his suppression motion as an adverse ruling. Presumably, then, the state courts considered and implicitly rejected his denial of counsel during interrogation claim.[1] Kennedy did not address this issue in either his briefs on direct appeal or in his *coram nobis* petition.

III

Alabama law precludes both appellate and collateral review of issues that could have been, but were not, raised at trial. Rule 32.2(a)(3), Ala.R.Crim.P.; *Magwood v. Smith*, 791 F.2d

---

[1] Kennedy raised an issue concerning his confessions on direct appeal. But that issue was a "best evidence" issue; namely whether the trial court erred by receiving into evidence at trial a transcript of his tape recorded statement, rather than the actual tape itself. *Id.*; *Ex Parte Kennedy*, 472 So.2d 1106, 1113 (Ala. 1985).

1438, 1444 (11th Cir. 1986); *Richardson v. Johnson*, 864 F.2d 1536, 1539 (11th Cir. 1989); *cert. denied*, 109 S.Ct. 3175 (1989). Thus, review by this court is procedurally barred, with respect to Kennedy's claims of involuntariness based on his mental state, the failure of police officers to inform him of the capital consequences of his statements, and the failure of the Probation Officer to inform him of his rights.

Applying the required presumption of correctness to the state courts' determination that Kennedy knowingly waived his right to counsel prior to giving each of the confessions, Kennedy cannot prevail on his lack of counsel claim in this court.

By separate order, Kennedy's petition for a writ of habeas corpus shall be denied.

DONE this 5th day of February, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON