IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**

VICTOR KENNEDY,                     )

      Petitioner,               )

vs.                                 )    CIVIL ACTION NUMBER

JOE HOPPER, Commissioner of         )    91-C-0106-S
the Alabama Department of           )
Corrections,                        )

SEP 1 0 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

*Awb*

**ENTERED**

SEP 1 1 1997

## MEMORANDUM OPINION

    Petitioner Victor Kennedy was convicted of capital murder and sentenced to death in 1982 for the murder of Annie Orr in 1980 at her home in Montevallo, Alabama.

    On March 31, 1994, this Court granted Kennedy's petition for writ of habeas corpus. Kennedy v. Thigpen, No. 91-C-106-S, *slip op.* (N.D. Ala. Apr. 1, 1994). On appeal, the Eleventh Circuit reversed this Court's grant of the writ and remanded the case for consideration of petitioner's fourteenth claim in his habeas petition. Kennedy v. Herring, 54 f.3d 678 (11th Cir. 1996).

    Kennedy alleges in his fourteenth claim that the admission of his statements to the police and to a probation officer violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. On February 6, 1997, this Court held that petitioner's fourteenth claim was procedurally defaulted and therefore barred from federal court review.

Petitioner now moves this Court to amend or alter the judgment, to permit an evidentiary hearing on his fourteenth claim, and to grant petitioner's writ of habeas corpus.

I.

Federal habeas courts are barred from deciding claims that were not properly raised during the state court proceeding. Fay v. Noia, 372 U.S. 391 (1963); Wainwright v. Sykes, 433 U.S. 72 (1977). Alabama law precludes both appellate and collateral review of issues that could have been, but were not, raised at trial. Rule 32.2(a)(3), Ala.R.Crim.P.; Magwood v. Smith, 791 F.2d 1438, 1444 (11th Cir. 1986); Richardson v. Johnson, 864 f.2d 1536, 1539 (11th Cir.), cert. denied, 109 S.Ct. 3175 (1989).

As this Court has already held, petitioner's fourteenth claim is procedurally barred, with one exception. For those portions of his claim that are procedurally barred, this Court is barred from entertaining or reviewing those allegations contained in petitioner's fourteenth claim.

Petitioner's claim that his confessions were involuntary because counsel was not present, is not procedurally barred. However, this Court and the trial court have previously determined this claim to be without merit. Petitioner has not presented any new facts in his motion, and the record supports the finding that petitioner's confessions were not involuntary.

2

II.

Based on the foregoing, petitioner's Motion to Alter or Amend the Judgment is due to be DENIED. An order consistent herewith shall issue forthwith.

DONE this ___*10th*___ day of September, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

3